### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN G. CIMEI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-1181 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## O R D E R

This matter is before the Court on Defendant United States of America's Motion to Dismiss for failure to exhaust administrative remedies. For the reasons that follow, Defendant's Motion to Dismiss [#3] is GRANTED WITHOUT PREJUDICE.

On May 17, 2005, Plaintiff John G. Cimei ("Cimei") filed a Complaint in the Circuit Court of the Thirteenth Judicial Circuit, Bureau County, Illinois, against Patrick Conway ("Conway"). The Complaint asserts that on July 8, 2004, Conway negligently operated his motor vehicle causing injuries to Cimei. On June 21, 2005, the United States of America, on behalf Conway, removed this case to federal court pursuant to 28 U.S.C. § 2679, because Conway was acting within the scope of his employment as a federal employee at the time of the accident. On June 23, 2005, pursuant to 28 U.S.C. § 2679, the United States moved to be substituted as party defendant. The Court granted this Motion on June 23, 2005. Pursuant to this Court's Order, the United States became the defendant to this action and Conway was dismissed.

On August 5, 2005, the United States filed a Motion to Dismiss Cimei's Complaint asserting that this Court should dismiss Cimei's claim because Cimei failed to exhaust his administrative remedies prior to filing this action. Cimei neglected to file a Response to the Government's Motion to Dismiss.  On September 1, 2005, Cimei was once again made aware of the Government's Motion to Dismiss and warned that a failure to respond would result in the Motion being deemed unopposed.  Despite this warning, Cimei did not respond and therefore pursuant to Local Rule 7.1(B)(1), this Court presumes there is no opposition and will rule on the Motion without further notice.

## STANDARD OF REVIEW

In resolving a Motion to Dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party.  *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993).  In ruling on a Motion to Dismiss, Courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint.  *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957).  This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief.  *Chaney v. Suburban Bus. Div.*, 52 F.3d 623, 627 (7th Cir. 1995);  *Venture Associates. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

## DISCUSSION

Even taking all of the facts asserted in Cimei's Complaint in Cimei's favor, the Government's Motion to Dismiss must be granted.  Under 28 U.S.C. § 2675, Cimei had an obligation to exhaust administrative remedies prior to filing this suit and yet failed to do so. Specifically, 28 U.S.C. § 2675 states:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Cimei's Complaint does not include any facts from which the Court could infer that Cimei presented his claim to a federal agency and that his claim was denied.

Although Cimei might not have known at the time that he filed his Complaint that 28 U.S.C. § 2675(a) applied to his claim because he may not have known that Conway was actually working as a federal employee at the time of the accident and therefore that his action was actually a suit against the United States, this does not excuse Cimei from exhausting his administrative remedies prior to filing a lawsuit. Moreover, the chronology of the events of this case indicate that Cimei had ample time from the date that the United States became the defendant in this case to recognize that his claim now falls within 28 U.S.C. § 2675(a). Accordingly, Cimei should have voluntarily dismissed his case and taken steps to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a). If Cimei's claim was denied, Cimei would have been free to re-file his claim. However, because Cimei's Complaint is silent with respect to whether Cimei took any steps to exhaust the administrative remedies prior to filing his claim and Cimei had ample time to do so before the Government filed the Motion to Dismiss, the Government's Motion to Dismiss is granted without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [#3] is GRANTED WITHOUT PREJUDICE.

ENTERED this 18th day of October 2005.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge